# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUDICIAL WATCH., a District of Columbia corporation, and THE DAILY CALLER NEWS FOUNDATION, | ) ) ) ) ) | C.A. No. N20A-07-001 MMJ |
|       Petitioners Below,       Appellants | ) ) ) | |
|       v. | ) ) | |
| UNIVERSITY OF DELAWARE, | ) ) | |
|       Respondent Below,       Appellee. | ) ) | |

Submitted: September 22, 2022
Decided: October 19, 2022

On Remand from the December 6, 2021 Opinion
of the Supreme Court of the State of Delaware

## MEMORANDUM OPINION

Theodore A. Kittila, Esquire, William E. Green, Jr., Esquire, HALLORAN FARKAS + KITTILA LLP, Wilmington, Delaware; *for Appellants Judicial Watch, Inc. and The Daily Caller News Foundation.*

William E. Manning, Esquire, James D. Taylor, Jr., Esquire, Marisa R. DeFeo, Esquire, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, Delaware; *for Appellee University of Delaware.*

JOHNSTON, J.

## Supreme Court Decision

Judicial Watch, Inc. and The Daily Caller News Foundation (collectively "Appellants") submitted requests under the Delaware Freedom of Information Act ("FOIA"), 29 *Del. C.* §§ 19991-10007, to access the Biden Senatorial Papers donated to the University of Delaware. The University denied the requests. Appellants filed petitions with the Office of the Attorney General of the State of Delaware challenging the denial. The Attorney General's Office issued opinions concluding that the records requested by Appellants are not subject to FOIA. Appellants appealed these opinions to the Superior Court. This Court affirmed the opinions.[1] Appellants appealed the Superior Court's ruling to the Supreme Court.

By Opinion dated December 6, 2021, the Delaware Supreme Court made the following findings.[2]

> Thus, we hold that unless it is clear on the face of the request that the demanded records are not subject to FOIA, to meet the burden of proof under Section 10005(c), a public body must state, under oath, the efforts taken to determine whether there are responsive records and the results of those efforts. Because the University's factual assertions to the Deputy Attorney General and the Superior Court were not made under oath and do not describe the efforts taken to identify responsive documents, they are not sufficient to meet FOIA's burden of proof. On remand, the Superior Court shall determine whether the University has satisfied its burden of proof based on competent evidence in accordance with this ruling. The Superior Court is granted leave to accept

---

[1] *Judicial Watch, Inc. v. Del. Dep't. of Justice,* 2021 WL 22550 (Del. Super.).
[2] *Judicial Watch, Inc v. University of Delaware,* 267 A.3d 996 (Del. 2021).

additional evidence or submissions as it deems necessary and appropriate.

* * *

Unless it is clear on the face of the request that the demanded records are not subject to FOIA, the public body must search for responsive records. A description of the search and the outcome of the search must be reflected through statements made under oath, such as statements in an affidavit, in order for the public body to satisfy its burden of proof. We note that it is not clear on the face of the requests for the Agreement or Communication Records that they are not subject to FOIA, and the University does not contend otherwise. On remand, the University bears the burden to create a record from which the Superior Court can determine whether the University performed an adequate search for responsive documents. Conversely, where it is clear on the face of a request that the demanded records are not subject to FOIA, the public body does not need to search the requested documents for responsive records. Nothing herein should be read to suggest that the University must search the Biden Senatorial Papers for responsive documents. The Superior Court held that the Biden Senatorial Papers are facially excluded from FOIA, and Appellants have not appealed that ruling.

* * *

For the reasons provided above, the Court AFFIRMS in part and REVERSES and REMANDS in part the Superior Court's judgment. On remand, the Superior Court shall reconsider whether the University satisfied its burden of proof, consistent with this opinion. The court may accept any additional evidence or submissions it deems necessary to determine whether the University has violated FOIA in accordance with this ruling.

3

## ANALYSIS ON REMAND

The University of Delaware filed an Opening Brief on Remand, accompanied by the Affidavit of Jennifer M. Becnel-Guzzo, Esq., University FOIA Coordinator, dated February 3, 2022. Appellant filed an Answering Brief, challenging the sufficiency of the Affidavit in several respects. The University did not request permission to file a reply, or otherwise respond, to the Answering Brief.

By Memorandum Opinion dated March 7, 2022[3], the Court found that the generalized statements in the Affidavit do not meet "the burden to create a record from which the Superior Court can determine whether the University performed an adequate search for responsive documents." The Court directed the University of Delaware to articulate who (identified at least by position within the University) provided the information: that no State funds were spent by the University; that no salaries of any University personnel involved in the custody and curation of the papers were paid with State funds; that no State funds were spent on the University's email system for communications between University personnel and Biden representatives; when such inquiries were made; and what, if any, documents (other than the gift agreement) were reviewed.

Respondents were granted leave to submit additional information, under oath, within 45 days of the date of the Memorandum Opinion.

---

[3] *Judicial Watch v. University of Delaware,* 2022 WL 2037923 (Del. Super.).

The University of Delaware filed a Supplemented Affidavit of Jennifer M. Becnel-Guzzo, Esq. University FOIA Coordinator and Deputy General Counsel, dated July 22, 2022. The Affidavit states in pertinent part:

5. In recent years, I have responded to numerous FOIA requests having to do with the University's relationship to Joseph R. Biden, Jr. Indeed, there were earlier FOIA requests regarding Biden Senate Papers. Thus, on several occasions I inquired of University personnel, including the University's Budget Director, Lionel Gilibert, and the University's Vice Provost of Libraries and Museums, Trevor Dawes, whether State funds have been spent on a variety of matters or undertaking related to Mr. Biden, including the Biden Senate Papers. The particular communications on which I relied in responding to Petitioners' later FOIA requests occurred in January 2020. In no case have I found that State funds were spent by the University on any such matter or undertaking.

6. Similarly, in reporting that the Biden Senate Papers were not the subject of any discussions held in meeting of the full Board of Trustees, I relied on communications with the University's Associate University Secretary, Brent Schrader first held in July 2019.

7. In May 2019, after receiving a request for documents related to any payments that might have been made to Mr. Biden, I inquired of Mr. Gilibert, the University's Budget Director, whether the University had made any payments with State funds to Mr. Biden. Mr. Gilibert confirmed the University had not made such payments to Mr. Biden.

8. In May, 2019, shortly after receiving earlier inquiries for access to the Biden Senate Papers, I inquired of Mr. Gilibert, the University's Budget Director, and Vice Provost Dawes, whether the University paid any consideration, State funded or otherwise, to Mr. Biden for the Senate Papers. I confirmed it did not.

9. In January 2020, after receiving additional requests for access to the Biden Senatorial papers, I inquired of Mr. Gilibert, the

University's Budget Director, and Vice Provost Dawes whether the salaries of any University personnel involved in the custody and curation of the Senate Papers are paid with State funds. I confirmed those salaries are not paid with State funds.

10. I inquired of Mr. Gilibert, the University's Budget Director, in January 2020 whether State funds have been spent on the University's email system over which email communications between University personnel and any representative of Mr. Biden might have been exchanged. I confirmed they were not.

11. I have, on several occasions before and after receipt of the FOIA requests from Petitioners, reviewed the gift agreement between the University and Mr. Biden relating to the Senate Papers and determined that State funds are not mentioned in the agreement.

12. In the Court's June 7, 2022 Memorandum Opinion, the Court directed that, in addition to the identities of those with whom I communicated in order to gather information and dates on which those communications occurred, I identify documents that I reviewed. The specific responses in the inquiries to which I refer above did not include documents. However, the University's auditors annually produce, and make available to the public, a Statement of State of Delaware Funds Received and Expended, which I frequently review in considering FOIA requests. The responses to my inquiries described above are consistent with that annual report on the University's receipt and expenditure of State funds.

On July 27, 2022, Appellants filed their Objection to the University's Supplemented Affidavit. The University filed its Response to Appellants' Objection on September 22, 2022.

The Court finds that the Supplemented Affidavit demonstrates that the University has met its burden of creating a record from which the Court can determine that the University performed an adequate search for responsive documents. The Court

6

confirms its prior holding that the University's denial of Appellants' requests does not violate FOIA. The requested information is not subject to FOIA.

**IT IS SO ORDERED.**

_/s/ Mary M. Johnston_
The Honorable Mary M. Johnston